[No. F008109. Fifth Dist. July 28, 1988.]

UNIROYAL CHEMICAL COMPANY, INC., et al., Cross-complainants and Appellants, v.
AMERICAN VANGUARD CORPORATION, Cross-defendant and Respondent.

COUNSEL

Rutan & Tucker, Barry R. Laubscher, Jayne Danowsky Taylor, McCormick, Barstow, Sheppard, Wayte & Carruth, Justus C. Spillner and David H. Bent for Cross-complainants and Appellants.

Dawson, Dawson, Dilling & Deutinger and Thomas C. Matychowiak for Cross-defendant and Respondent.

OPINION

PETTITT, J.*—Code of Civil Procedure[1] section 1021.6 permits a court, upon motion and after reviewing the evidence in the principal case, to award attorney's fees to a person who prevails on a claim for implied indemnity. Before the court can make such an award, however, it must find that: (1) the indemnitee, in protection of its own interest, was required to bring or defend an action against a third party due to a tort of the indemnitor; (2) the indemnitor was properly notified of the demand to bring the action or to provide the defense and did not avail itself of the opportunity to act; and (3) the trier of fact determined the indemnitee was without fault in the principal case that serves as the basis for the indemnity action or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.

In the present case, the appellants, Helena Chemical Company (Helena) and Leffingwell Chemical Company, a division of Uniroyal Incorporated (Leffingwell), along with the respondent, American Vanguard Corporation (Amvac), were codefendants in a lawsuit in which it was ultimately determined, inter alia, that respondent Amvac was 100 percent at fault. After the trial, appellants Helena and Leffingwell both sought attorneys' fees from respondent Amvac pursuant to section 1021.6. These motions were denied by the Fresno County Superior Court, and the instant case is the consolidation of the separate appeals by Leffingwell and Helena from this order.

The record of the case at bench presented to this court reveals the following: On or about January 25, 1985, plaintiffs in the principal action, Brim Carter and William Dyck, served a first amended complaint on the current appellants, as well as on the current respondent. Plaintiffs alleged that in 1982 their orange crop and citrus grove were damaged by the use of Hivol-44, an agricultural chemical manufactured by Amvac, distributed on the wholesale level by Leffingwell, and retailed by Helena. The complaint reflects the plaintiffs sought relief on the theories of products liability, breach of implied warranties, breach of express warranties, negligence, and misrepresentation.

Respondent Amvac filed a cross-complaint against appellant Leffingwell and against appellant Helena, seeking indemnity, comparative indemnity and declaratory relief.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1] Hereinafter, unless otherwise stated, all statutory references are to the Code of Civil Procedure.

Appellant Leffingwell filed a cross-complaint against respondent Amvac, seeking total indemnity, partial indemnity, and declaratory relief. On March 1, 1985, Leffingwell filed its answer to the plaintiffs' complaint.

Appellant Helena filed a cross-complaint against appellant Leffingwell and respondent Amvac, also seeking indemnity, comparative indemnity, and declaratory relief. Helena had filed its answer to plaintiffs' original complaint on September 27, 1984.

The matter proceeded to a jury trial, and on June 6, 1986, the jury returned its verdict, finding in favor of the plaintiffs and against respondent Amvac and appellant Leffingwell. The jury determined the total amount of damages to be $14,400, but found the plaintiffs were contributorily negligent, and that of the total fault proximately contributing to plaintiffs' damage, plaintiffs were responsible for 45 percent of such fault. As against appellant Helena, the jury decided plaintiffs were not entitled to judgment.

With respect to the various cross-complaints, the jury determined appellant Leffingwell was entitled to total indemnification from Amvac because respondent Amvac was 100 percent at fault. This finding had other ramifications as well, for it obviously meant that with respect to Amvac's cross-complaint for indemnification, the jury could not (and did not) determine Amvac was so entitled. With respect to Helena's cross-complaint for indemnification, the jury did not determine whether or not Helena was due indemnification from Amvac. No finding was made because the jury was instructed that this resolution would be irrelevant if it found the plaintiffs were not entitled to judgment against Helena. As noted earlier, the jury determined plaintiff was not entitled to judgment against Helena.

Judgment reflecting the above verdicts was entered on June 10, 1986.

On June 23, 1986, Leffingwell filed a motion pursuant to section 1021.6 to obtain a reasonable attorney's fee from Amvac. By minute order dated October 20, 1986, this motion was denied by the trial court. This same minute order also denied a section 1021.6 motion for attorney's fees which Helena had filed on July 10, 1986.

Both appellants contend the trial judge misinterpreted section 1021.6 in ruling on their respective motions. Appellants also urge that in making its decisions the trial court ruled on questions of law. Respondent insists the trial court resolved questions of fact.

We will determine these matters in favor of appellants, and also discuss the adequacy of the record on appeal.

## I. The Trial Court Erred in Denying Appellant Helena's Section 1021.6 Motion for Attorney's Fees.

Section 1021.6 provides: "Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict." In denying Helena's motion, the trial court ruled: "Helena Chemical Company's Motion for Attorney's Fees from AMVAC under C.C.P. section 1021.6 is hereby denied. Helena Chemical Co. did not prevail on an implied indemnity claim as required by C.C.P. 1021.6."

Appellant Helena takes exception to this ruling and proffers various reasons why it did "prevail on a claim for implied indemnity" and why the trial court's contrary conclusion was erroneous. After a review of the language and intent of section 1021.6, and applicable authorities, the conclusion reached is that appellant Helena's assignment of error has merit.

### A. The Applicable Standard of Review.

Before examining the specific arguments Helena offers in support of its general contention that the trial court erred on the issue of attorney's fees, it must first be determined what weight this court must give to the lower court's decision that Helena did not prevail on an implied indemnity claim.

Helena contends the lower court's conclusion it (Helena) did not prevail on a claim for implied indemnity was the resolution of a question of law, and therefore that resolution is due a de novo review by this court. Amvac counters with the assertion the trial court's decision was the resolution of a question of fact. Presumably Amvac makes this argument because, if correct, this court would then only have to find some substantial evidence to support the decision.

Appellant Helena is correct. The trial court's determination Helena did not prevail on a claim for implied indemnity was the resolution of a

question of law, and this is clear from the language of the statute itself. Again, section 1021.6 allows a trial court, "[u]pon motion, . . . [and] after reviewing the evidence in the principal case," to award attorney's fees to "a person who prevails on a claim for implied indemnity." This language makes clear that a determination a party prevailed "on a claim for implied indemnity" is a section 1021.6 prerequisite to the trial court's exercise of its discretion to award fees. Phrased another way, if a party did not prevail on a claim for implied indemnity, then section 1021.6 is simply not applicable. And, it is elementary the question of whether or not a statute is applicable presents solely a question of law. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 241-242, pp. 246-247, and cases there cited.) Hence, when the trial court ruled Helena did not prevail on a claim for implied indemnity, the trial court was determining section 1021.6 was not applicable, and this determination was an answer to a question of law which this court may review de novo.

It should be noted that when respondent Amvac argues it is a question of fact whether a party prevailed on a claim for implied indemnity, it appears Amvac is misunderstanding what the trial court must determine pursuant to section 1021.6. Simply stated, when the trial court, for section 1021.6 purposes, rules a party did or did not prevail on a claim for implied indemnity (and therefore rules whether the statute is or is not applicable), the trial court is not making the factual determination that the party is or is not entitled to indemnity. It is the trier of fact, here the jury, which determines the factual question of whether the party is entitled to indemnity. The trial court is answering a different question—the legal question of whether the statute is or is not applicable on the ground the party prevailed on a claim for implied indemnity.

Perhaps it is easier to examine this issue in the following manner. A question of law cannot be one where the question is answered by considering conflicting evidence. (*Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 698-699, fn. 3 [139 Cal.Rptr. 700, 566 P.2d 602].) In the present case, when the trial court ruled appellant Helena did not prevail on a claim for implied indemnity, it was not considering conflicting evidence. It was determining, as a matter of law and based on the jury verdict, the resulting status of Helena under section 1021.6 with respect to indemnification.

B. *Helena Prevailed on a Claim For Implied Indemnity Within the Meaning of Section 1021.6.*

The sole basis for the trial court's denial of Helena's motion was that Helena had not prevailed on a claim for implied indemnity.

Helena points out it met the first prong of the three-pronged test for application of section 1021.6, in that it was required, by way of the tort of Amvac, to act in its own protection by defending the action brought by the plaintiff. Helena contended throughout the litigation that, as the retailer of the product in question, if it were found to be liable to the plaintiff, such liability would be solely a result of its position in the chain of distribution and that, accordingly, it would be entitled to indemnity from either Amvac, the manufacturer, or Leffingwell, the wholesaler, or both. The jury was instructed in that regard. There are few areas of the law wherein parties may be subjected to liability solely by virtue of their status (i.e., their position within the chain of distribution) more readily, without any independent evidence of wrongdoing on their part, than in the field of products liability. (See *Vandermark* v. *Ford Motor Co.* (1964) 61 Cal.2d 256, 261 [37 Cal.Rptr. 896, 391 P.2d 168].) It is clear that a retailer, which is sued on the basis that it was in the chain of distribution of an allegedly defective product which it did not manufacture, falls within the category of entities which are required to act in their own interests by defending an action by a third person arising out of the tort of another. Amvac did not contend in the trial court that Helena did not fall within that category of entities, and it is clear that the first prong of the three-pronged test was met.

Similarly, there was no contention by Amvac in the trial court that Helena did not meet the second prong of the test, that is, that Amvac was properly notified of a demand to provide a defense and declined to avail itself of the opportunity to do so.

Thirdly, there was no contention in the trial court that Helena did not meet the third prong of the test, that is, that the trier of fact determined that Helena was without fault in the principal case which formed the basis for the action in indemnity. In that regard, the jury verdict, insofar as it did not find in favor of the plaintiff and against Helena on the complaint, and insofar as it determined that Amvac was not entitled to indemnification from Helena on Amvac's indemnity cross-complaint, speaks for itself. Helena could not have been found more "without fault" in the principal action, and there is no doubt that the third prong of the test set forth in section 1021.6 was satisfied.

Respondent Amvac seems to take the position the trial judge examined the entire record and made a factual determination that Helena was simply not entitled to equitable indemnification in any event. The trial judge did not get that far because it only determined Helena had not actually prevailed on an implied indemnity claim. At the hearing on the section 1021.6 motion for attorneys' fees, the trial court stated: "You did not prevail on a

claim for implied indemnity because you didn't need to because the Plaintiff did not get a judgment against you."

The court did not go beyond that foundational conclusion on a matter of law. Amvac is in error when it asserts the trial court actually examined the whole factual record and decided as a matter of fact that Helena was not entitled to equitable indemnity. Respondent Amvac does not point to anything in the record which would so indicate.

■ The only issue remaining is whether it can be said Helena prevailed on a claim for implied indemnity within the meaning of section 1021.6, thus entitling it, at the court's discretion, to its attorneys' fees as against Amvac. In its cross-complaint Helena alleged that if it were liable to plaintiff, it would be because of its "secondary, passive or vicarious liability . . . and because of the active or primary liability" of Amvac and/or Leffingwell. Indemnity from both of those cross-defendants on that basis was sought by Helena as well as upon the additional ground of comparable fault principles. Helena did not contend it was entitled to indemnity from either of said cross-defendants on the basis of a contractual relationship. Similarly, Amvac's cross-complaint for indemnity against Helena makes no contention of right to indemnity based on contractual relationship.

■ Where the right to indemnity exists in favor of a retailer of a defective product against the manufacturer who created it, or where the right to indemnity results from the retailer's being held constructively or vicariously liable for the tort of another, such indemnity is implied. (*Angelus Associates Corp.* v. *Neonex Leisure Products, Inc.* (1985) 167 Cal.App.3d 532, 542 [213 Cal.Rptr. 403]; *E. L. White, Inc.* v. *City of Huntington Beach* (1982) 138 Cal.App.3d 366, 375-376 [187 Cal.Rptr. 879].)

■ In the instant case there is no doubt that Helena and Amvac each sought relief against the other on a claim for implied indemnity.

The real question is whether Helena prevailed on its claim for implied indemnity. The trial court held it did not because the plaintiff did not get a judgment against Helena; consequently, there was no need to prevail or rely on implied indemnity against Amvac.

If this reasoning is correct, then the obvious purpose of section 1021.6 is thwarted if a retailer is so successful before a jury as to get a verdict in its favor on plaintiff's cause of action. If, on the other hand, plaintiff did get a verdict against the retailer, which in turn prevailed on its cross-complaint

for implied indemnity, then the retailer may recover its attorney's fees incurred in defending against plaintiff's tort claim.

Section 1021.6 sets out the three conditions, as discussed above, which must be met before a prevailing indemnitee may recover attorney's fees. The last one is that the trier of fact must determine "that the indemnitee was without fault in the principal case which is the basis for the action in indemnity *or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.*" (Italics added.) The emphasized portion was added to the section by amendment in 1982.

Thus we see that the statute itself contemplates one may recover attorney's fees even though he or she did not actually recover on a cross-complaint for implied indemnity after a favorable judgment in the principal case. The so-called "indemnitee" would not actually prevail on a cross-complaint for implied indemnity, but it would effectively prevail in a case where it had claimed a right to indemnity and was successful on a motion for a directed verdict, for instance. It would be unfair and incongruous to allow attorney's fees to one who prevailed on a motion for nonsuit or a directed verdict during trial but deny the same relief to one who prevailed to the same extent by reason of a verdict in the usual course of events. In both cases, the defendant is without fault and made a claim for indemnity. ■ We do not believe the Legislature intended such an anomalous result, and courts will not interpret a statute in such a way that the interpretation will frustrate the manifest purposes of the legislation or lead to absurd results. (*County of San Diego* v. *Muniz* (1978) 22 Cal.3d 29, 36 [148 Cal.Rptr. 584, 583 P.2d 109].)

■ By the 1982 amendment to section 1021.6, the Legislature apparently wanted to make it clear that where a faultless defendant did not actually have occasion to prevail on a cross-complaint for indemnity because he prevailed in the underlying action, he was still entitled to ask for attorney's fees under section 1021.6. In making his claim for attorney's fees he is claiming as an indemnitee for costs incurred in the principal case where he was found to be without fault. When Helena made its claim for attorney's fees it was doing so as an indemnitee in an action where it had made such claim from the beginning. It would not have incurred such fees but for the tort of Amvac, which was 100 percent at fault. After a jury verdict in its favor it should be treated no differently than a defendant who has a judgment entered in its favor after motion for summary judgment, nonsuit or directed verdict. In all those events the indemnitee is found to be

without fault, and they all should be held to have prevailed on a claim for indemnity.

It is the duty of the courts, within the framework of the statute at issue, to interpret it so as to make it workable and reasonable. (*Kusior* v. *Silver* (1960) 54 Cal.2d 603, 620 [7 Cal.Rptr. 129, 354 P.2d 657]; *Clean Air Constituency* v. *California State Air Resource Bd.* (1974) 11 Cal.3d 801, 813-814 [114 Cal.Rptr. 577, 523 P.2d 617].)

Helena claims it should prevail for an additional reason. The term "prevailing party" is typically used by the Legislature in enacting statutes wherein it intends that the successful side shall recover its attorney's fees regardless of who instituted the legal proceeding. (*Stirling* v. *Agricultural Labor Relations Bd.* (1987) 189 Cal.App.3d 1305, 1311 [235 Cal.Rptr. 56].) But this is not always true. (*Ibid.*) However, in *Stirling,* the court specifically included section 1021.6 within the category of such typical statutes. (*Ibid.*)

Emphasizing the fact the jury actually returned a special verdict in favor of Helena on Amvac's cross-complaint for indemnity, Helena contends it prevailed on two indemnity claims. Its position is that although the jury was not asked to return a verdict on Helena's indemnity claim because of the verdict for Helena on plaintiffs' complaint in the underlying action, it did actually receive a jury verdict in its favor on a claim for implied indemnity, that is, the claim of Amvac against it. Helena then states, "Thus, there are two ways in which HELENA'S motion for attorney's fees should have been tested for the purpose of determining whether it had prevailed on a claim for implied indemnity." Helena states it is "noteworthy that Section 1021.6 does not refer to a person who prevails on 'its' claim, but rather on 'a' claim, further cementing the notion that it is of no consequence which party brought the action."

This argument is rejected. First, it is a contention which was not presented to the court below. Normally, a theory of the case not asserted in the trial court may not be raised for the first time on appeal. (See *Corcoran* v. *S.F. etc. Retirement System* (1952) 114 Cal.App.2d 738, 745-746 [251 P.2d 59].) Second, the contention fails on the merits as well. It is an argument which ignores the fact "section 1021.6 read as a whole, clearly applies only to an *indemnitee* who prevails on a claim against an indemnitor." (*Bear Creek Planning Com.* v. *Title Ins. & Trust Co.* (1985) 164 Cal.App.3d 1227, 1249 [211 Cal.Rptr. 172].) Although appellant Helena did expressly prevail on respondent Amvac's claim for indemnity against it, clearly that was a claim in which respondent Amvac was the alleged "in-

demnitee." Helena was the alleged "indemnitor." Accordingly, Helena's victory on this part of the verdict does not make it a party who prevailed as an indemnitee on a claim for implied indemnity within the parameters of section 1021.6.

Amvac makes a number of contentions which, if valid, would leave Helena unreimbursed for its attorney's fees in spite of the fact this case would then end with the precise result section 1021.6 sought to correct after the decision in *Davis* v. *Air Technical Industries, Inc.* (1978) 22 Cal.3d 1 [148 Cal.Rptr. 419, 582 P.2d 1010]. The *Davis* decision limited the more equitable result enunciated in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618 [30 Cal.Rptr. 821, 381 P.2d 645]. Chief Justice Bird in *Davis* held that a retailer in an ordinary products liability case could not recover attorney's fees where he defended solely against alleged wrongdoing on his own part. (*Davis* v. *Air Technical Industries, Inc., supra,* 22 Cal.3d at pp. 4-6.) The legislative history of section 1021.6 shows the only reason for its enactment was to correct the injustice created by the *Davis* decision. Amvac's effort to revive *Davis* and nullify section 1021.6 on the ground Helena defended only against its own alleged wrongdoing must fail.

Amvac also questions whether total implied equitable indemnity still exists following the Supreme Court's decision in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]. Other cases are cited to show that allegedly only a minority of courts permit it, and then only in special situations not applicable here. Respondent cites *Angelus Associates Corp.* v. *Neonex Leisure Products, Inc., supra,* 167 Cal.App.3d 532, as a special situation wherein the appellate court upheld the right to total implied indemnity against a defendant manufacturer who had settled in good faith. The court then stated in a footnote that it did not reach the nonsettling indemnitee's contentions concerning section 1021.6 at that time. (*Id.* at p. 543, fn. 5.) We know of no California case which limits the application of section 1021.6 because of a concern regarding whether total implied indemnity still exists.

II. *The Trial Court Erred in Denying Appellant Leffingwell's Section 1021.6 Motion for Attorney's Fees.*

Like appellant Helena, appellant Leffingwell argues that the lower court erred in denying its section 1021.6 motion for attorney's fees. Appellant Leffingwell's assignment of error also has merit but for different reasons.

A. *The Applicable Standard of Review.*

Our discussion here is much the same as that above with regard to the contentions of Helena. We again reiterate the trial court decided a question

of law when it denied Leffingwell's motion for attorney's fees pursuant to section 1021.6. That again is clear from the language of the statute. We appreciate the fact that the line between questions of fact and questions of law is sometimes impossible to draw with precision. (See 5 Am.Jur.2d, Appeal and Error, § 829.)

However, as noted previously, section 1021.6 permits a court, upon motion and after reviewing the evidence in the principal case, to award attorney's fees to a party who prevails on a claim for implied indemnity.

With respect to this appellant's request for attorney's fees under section 1021.6, the trial judge ruled: "Leffingwell Chemical Company's Motion for Attorney's Fees pursuant to C.C.P. section 1021.6 is hereby denied. The Jury having rendered a verdict against Defendant Leffingwell in favor of Plaintiff Carter in the principal case it is clear that the trier of fact did not determine that Leffingwell was without fault as required by C.C.P. section 1021.6."

Appellant Leffingwell argues it is "indisputable" that the propriety of the above ruling is purely a question of law: "The sole question presented for review is whether the trial court incorrectly interpreted California Code of Civil Procedure § 1021.6 as it applies to Leffingwell/Uniroyal's right to recover its reasonable attorneys' fees from Amvac. The facts upon which the trial court made its determination with respect to Leffingwell/Uniroyal's motion for reasonable attorney's fees, that is, the jury verdict and judgment entered, are undisputed." On the other hand, respondent Amvac again argues that what is before this court is the review of an answer to a question of fact.

For reasons we have stated with respect to Helena, Leffingwell is correct in arguing the trial court's resolution was one of a question of law and therefore is due a de novo review by this court.

Again, pursuant to section 1021.6, if the trial court finds that a party who prevailed on a claim for implied indemnity meets the three requirements of that statute, the trial court may exercise its discretion and determine whether or not to award the indemnitee attorney's fees. In our case, when the lower court found that the trier of fact did not determine appellant Leffingwell to be without fault in the principal action, the lower court was denying the motion for attorney's fees because it felt one of the prerequisites necessary for exercise of its discretion to award attorney's fees was simply not present. The court therefore was determining the statute not applicable,

and, as noted previously, the applicability of a statute is purely a question of law.

Respondent Amvac, as it did in the case of Helena, misunderstands the question at issue. Section 1021.6, subdivision (c), does not ask the judge, for purposes of attorney's fees, to decide the factual question of whether the indemnitee was without fault in the principal case. By determining whether or not the trier of fact found the indemnitee was without fault in the principal case, the judge is asked to rule on the legal question of the applicability of the statute. Since there is no authority which states the trial court can disregard the jury finding, the trial court is not making a factual determination but simply stating what its legal conclusion is with respect to what the trier of fact found.

### B.  *The Trial Court Erred in Denying Appellant Leffingwell's Section 1021.6 Motion for Attorney's Fees.*

The trial court denied appellant Leffingwell's section 1021.6 motion for attorney's fees because it felt it could not find the subdivision (c) requirement of the statute met, i.e., that the trier of fact determined that the indemnitee, Leffingwell, was without fault in the principal action. The trial court erred in so determining because it examined the wrong jury finding. The trial court found subdivision (c) not met because "the Jury . . . rendered a verdict against Defendant Leffingwell in favor of Plaintiff Carter."[2] Although no doubt the jury did find Leffingwell liable for damages in the principal action, this finding of fault in the principal action forms no basis for denying fees in the indemnity action. (*Bear Creek Planning Com.* v. *Title Ins. & Trust Co., supra,* 164 Cal.App.3d at p. 1245.) The language of subdivision (c), that "the trier of fact determined that the indemnitee was without fault in the principal case," refers to the trier of fact's finding on the indemnity issue. (*Ibid.*) In our case, with respect to the indemnity issue, the jury found Leffingwell without fault because it specifically determined not only that Leffingwell was due indemnity from Amvac, but that Amvac was 100 percent at fault.

In *Bear Creek,* the defendant, a title insurance and trust company, was sued for indemnification by plaintiff Bear Creek, a homeowners association. Damages were assessed against plaintiff Bear Creek in a prior slander of title action arising out of defendant title company's alleged failure to timely record certain covenants, conditions, and restrictions (CC & R's). In the

---

[2]On this part of the appeal respondent Amvac never argues section 1021.6, subdivision (a) and/or (b) requirements are not met by appellant Leffingwell.

prior action, plaintiff, Bear Creek, was sued by a homeowner after Bear Creek attempted to enforce the CC & R's and after it filed a notice of violation against the homeowner. In the indemnity action, the trial court ordered the defendant title company to pay the damages and attorney's fees assessed against Bear Creek in the prior slander of title action, the attorney's fees incurred by plaintiff in defending the prior underlying suit, and the attorney's fees for prosecuting the indemnity action.[3] On appeal, defendant contended, inter alia, that the trial court erred in awarding fees pursuant to section 1021.6 because subdivision (c) of that statute had not been met since in the slander of title action, damages had been assessed against Bear Creek. The appellate court rejected this argument: "As to subdivision (c), defendant contends plaintiff was not determined to be 'without fault' in the principal action. Again, the trial court in the present action found plaintiff was without fault in the principal action, and acted reasonably to enforce the CC & Rs against the Rileys. Defendant fails to distinguish between the trier of fact in the *principal* action and the trier of fact in the *indemnity* action. Subdivision (c) refers to the trier of fact in the indemnity action. The issue in the principal action is whether the indemnitee is liable for the damages suffered by the injured party. It is the *indemnity* action in which the trier of fact must determine whether the indemnitee's conduct was of a nature to preclude recovery of implied indemnity. That the indemnitee was found liable for damages in the principal action forms no basis for denying attorney fees in the indemnity action. That the indemnitee was found liable for damages in the principal action is the basis for the indemnity action and the award of attorney fees therein." (*Bear Creek Planning Com.* v. *Title Ins. & Trust Co., supra,* 164 Cal.App.3d at p. 1245.)

Again, application of this rule to the instant case illustrates where the trial court erred. Because the jury determined that, with respect to the issue in the principal action, Leffingwell was liable for damages suffered by the injured party, the trial court ruled the section 1021.6, subdivision (c), requirement of the jury determining the "indemnitee was without fault in the principal case" had not been met. However, as learned from the *Bear Creek* court, with respect to determining whether section 1021.6, subdivision (c), has been satisfied, the relevant issue is whether the trier of fact determined "the indemnitee's conduct was of a nature to preclude recovery of implied indemnity." (*Ibid.*) In our case, the jury specifically found Leffingwell's conduct was not of a nature to preclude recovery of implied indemnity. Indeed the jury found the exact opposite, for its verdict stated not only that

---

[3] This portion of the judgment was reversed on appeal. The appellate court stated section 1021.6 is meant to deal only with fees an indemnitee incurs in the underlying action. (*Bear Creek Planning Com.* v. *Title Ins. & Trust Co., supra,* 164 Cal.App.3d at pp. 1245-1246.)

appellant Leffingwell was due total indemnity from respondent Amvac, but that respondent Amvac was 100 percent at fault.

Accordingly, the trial court erred in concluding Leffingwell's section 1021.6 motion for attorney's fees should be denied on the ground "the trier of fact did not determine that Leffingwell was without fault . . . ." The orders which reflect this decision of the trial court must be reversed.[4] Note, however, that a reversal of the orders does not necessarily entitle Leffingwell to attorney's fees. The direction to the trial court on remand will be only that it cannot deny Leffingwell's motion on the ground subdivision (c) of section 1021.6 is not satisfied. According to the statute, the trial court will still be entitled to examine the evidence and exercise its discretion as to whether or not Leffingwell, as well as Helena, is due attorney's fees.

Finally, although Amvac continuously argues that the verdict reflects the trier of fact found Leffingwell's behavior constituted negligence or active participation so as to extinguish its right to indemnification, Amvac never persuasively addresses the fact the jury's 100 percent comparative indemnity finding as against Amvac is proof the jury found Leffingwell was without fault in the principal case.

### C. *Is the Record Adequate?*

Apparently, after the trial and judgment, respondent Amvac pursued its own appeal, but ultimately abandoned this pursuit. Respondent Amvac claims that during the time it pursued its appeal, it designated the entire trial transcript as the record in that appeal. The trial transcript was not part of the record the appellants presented to this court in the case at bench.

Nevertheless, throughout its briefs, Amvac makes numerous citations to the absent trial transcript. Amvac states this is permissible, pursuant to rule 11(b) of the California Rules of Court. This rule provides: "(b)  [Record on subsequent appeals in same case] If there has been a prior appeal in the same action or proceeding, and any portions of the record therein are desired for use in the second appeal, these need not be copied or included in the subsequent record unless the reviewing court so orders. The appellant's notice shall designate, by appropriate references, the portions of the prior record to be incorporated by reference and which need not be copied, and the clerk shall insert in the subsequent record a list and description of the

---

[4] Taken as a whole, the reasoning reflected in the trial court's orders would never allow a party to recover its attorney's fees pursuant to section 1021.6.

transcript, papers or records, or parts thereof, to be used, together with specific references to the places in the prior record in which they may be found, and a notation of the clerk's office in which they are filed, and they shall thereupon be deemed incorporated in the subsequent record for all purposes.

"If the respondent desires to have the clerk copy any portions of the prior record which the appellant has designated for incorporation by reference, respondent shall serve and file a notice designating the portions to be copied. Within 10 days after notification by the clerk of the estimate of the costs of copying, the respondent shall deposit with the clerk the estimated cost; otherwise the portions designated by the respondent shall not be copied.

"The clerk of the court in which the appeal is pending shall, upon request of either party, make arrangements to obtain the record incorporated by reference which may be lodged in another clerk's office or offices."

This rule would not seem to provide Amvac with the authority it needs to validate its citations to part of the proceedings below, of which a transcript was not provided the reviewing court by appellants. First, the rule states *"appellant's* notice shall designate, by appropriate references, the portions of the prior record to be incorporated by reference . . . ." (Italics added.) Second, even if the rule does extend to a respondent, the rule clearly calls for involvement by the clerk's office. In the present case, respondent Amvac's asserted reliance on this rule is in a footnote in its opening brief. However, it did not notify the clerk so that the clerk could "insert in the subsequent record a list and description of the transcript, papers or records, or parts thereof, to be used, together with specific references to the places in the prior record . . . ." Further, ordinarily if a respondent desires to bring up evidence to justify a finding on appeal, or for some other proper purpose, he may move to augment the record. (Cal. Rules of Court, rule 12(a).)

■ However, the inquiry is not complete for it is a well-established principle of appellate review that the appellant must affirmatively show error by an adequate record. (See *Erikson* v. *Sullivan* (1947) 81 Cal.App.2d 790, 791 [185 P.2d 31].) A necessary corollary to this rule would seem to be that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed. ■ Perhaps the purpose behind Amvac's citation to the absent trial transcript is to illustrate there are grounds present upon which the order of the superior court could be affirmed.

If this was Amvac's purpose, it was not met. Amvac cites to the absent trial transcript to buttress its claim the jury verdict against Leffingwell was grounded on negligence and therefore there was no way appellant Leffingwell, for purposes of section 1021.6, subdivision (c), could be considered "without fault in the principal case." In its opening brief, Leffingwell had argued a possible interpretation of the jury verdict was that it had been found liable to plaintiffs on a breach of express warranty theory. Also, inexplicably, in its reply brief, Leffingwell cites to the trial transcript in support of its contention it was "without fault in the principal case."

In any event, the conclusion reached is that the record before the court is adequate and appellant does not default. Although it appears all the citations made by Amvac to the trial transcript are to support the claim the jury determined Leffingwell was not "without fault" in the principal case, those references focus on that finding of the jury in its capacity as the trier of fact in the principal action, not in its capacity as the trier of fact in the indemnity action, which, as learned from *Bear Creek, supra,* 164 Cal.App.3d 1227, is what must be focused upon for purposes of the section 1021.6, subdivision (c) requirement.

As discussed previously, the jury determined appellant Leffingwell was without fault in the principal case because it not only ruled Leffingwell was due total indemnity from Amvac, but specifically found Amvac to be 100 percent at fault. Since none of respondent's extra record citations provides possible support for the trial court's contrary conclusion as to what the jury determined in the indemnity action, the record before this court would appear to be adequate.

The trial court's orders denying the section 1021.6 motion of each appellant for attorney's fees are reversed. The matters are remanded to the trial court with directions to exercise its discretion as to whether either or both appellants are entitled to attorneys' fees incurred.

Appellants shall have their costs on appeal.

Martin, Acting P. J., and Ballantyne, J., concurred.