Filed 10/29/20  Clapham v. Barker CA2/1
Reposted with correct file date

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SHARON CLAPHAM,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ANN BARKER,<br><br>    Defendant and Respondent. | B300548<br><br>(Los Angeles County<br>Super. Ct. No. BC672526) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Sharon J. Clapham, in pro. per., for Plaintiff and Appellant.

FSG Lawyers and Richard W. Millar, Jr., for Defendant and Respondent.

Plaintiff and appellant Sharon Clapham appeals from a summary judgment in favor of defendant and respondent Ann Barker.  Clapham contends the trial court abused its discretion by not allowing witnesses, including Clapham, to testify at the hearing on Barker's motion for summary judgment.  Specifically, she contends the trial court erred by failing to continue the summary judgment hearing to allow Clapham " 'to obtain facts essential to justify opposition to the motion.' "

Clapham failed to designate the reporter's transcript of the hearings on the summary judgment motion.  She also failed to designate any of the relevant documents related to that motion, including the motion itself, the opposition, the reply, separate statement of undisputed material facts, or any of the declaration  either in support of, or in opposition to, the motion.

We affirm on the basis that the record is inadequate to establish reversible error.

## FACTS AND PROCEDURAL SUMMARY

Because the alleged facts giving rise to the action are not relevant to the disposition of this appeal, we discuss them only briefly.  Clapham is the widow of Robert Clapham, an accountant and the former proprietor of Robert G. Clapham Accountancy Corporation (RGCAC).  Following Robert Clapham's death in 2013, Clapham attempted to collect on debts owed to RGCAC, including unpaid billings issued to Barker.  Clapham also had numerous discussions with one of RGCAC's employees, Peter Sinambal, about a potential sale of the accountancy business to Sinambal.  According to Clapham, Sinambal engaged in multiple acts of deceit and wrongdoing during the negotiations, and the parties never reached an agreement.

Clapham's operative first amended complaint alleged claims for financial elder abuse, fraud, breach of contract, and conversion against Sinambal, Barker, and several other defendants.

Barker moved for summary judgment against Clapham on May 2, 2019.[1] According to Barker, the "gist" of her motion was that Clapham lacked standing, that no contract existed between them, and that Clapham failed to allege conduct by Barker that rose to the level of fraud. The trial court granted Barker's motion in its entirety on August 12, 2019, as reflected in a minute order of that date. On September 4, 2019, Clapham filed a notice of appeal purportedly from "[j]udgment after an order granting a summary judgment motion." Judgment, however, was not entered until five days later, on September 9, 2019.[2]

Barker twice moved to dismiss this appeal. The first motion, filed on November 15, 2019, asserted the notice of appeal was premature, that Clapham failed to designate a sufficient record, and that Clapham failed to comply with the rules of service delineated by California Rules of Court, rule 8.25. Barker

---

[1] Because the motion for summary judgment is not part of the record before us, we rely on Barker's description of the bases for Barker's motion.

[2] In her respondent's brief, Barker again argues this appeal should be dismissed because it was taken from the August 12, 2019 order granting the motion for summary judgment, which is a non-appealable order. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 680.) We have discretion to treat an appeal from an order granting summary judgment as an appeal filed after the entry of judgment and elect to do so here. (*Taylor v. Trimble* (2017) 13 Cal.App.5th 934, 939.)

argued Clapham's designation of record, which did not include the transcript of the summary judgment hearing or any of the documents related to the motion, failed to provide this court with a basis to review the summary judgment. Clapham did not oppose the motion to dismiss, nor did she take any action at that time to address the deficiencies in the record.

A second motion filed by Barker on June 29, 2020 again asserted that Clapham was seeking review of a non-appealable order. Alternately, Barker asserted that the record was inadequate, that Clapham's opening brief failed to cite to the record in violation of California Rules of Court, rule 8.204(a), and that it attached an unrelated appellate decision in a different action. Once again, Clapham did not respond to this second motion to dismiss.

We summarily denied each motion.

Months later, after the completion of all briefing and within approximately 15 days of oral argument, Clapham filed two motions to augment the record, both of which were opposed by Barker. The first, filed on October 5, 2020, sought to add the transcript of the hearing on the motion for summary judgment, as well as transcripts of two unrelated hearings. In a second motion filed the next day, Clapham sought to augment the record with a number of documents, many of which were unrelated to the motion for summary judgment. She did include her own opposition to the motion for summary judgment, but did not seek to add the remainder of the summary judgment documents, including the motion itself, the declarations, the separate statements, or the reply. Barker opposed both motions to augment, and we denied each of them.

4

## DISCUSSION

A judgment is presumed to be correct, and it is the appellant's burden to show error. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Our review is limited to matters contained in the record and without the proper record, we conclusively presume that the evidence supports the judgment. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003—1004, fn. 2.) An appellant therefore has the burden of providing a reviewing court with an adequate record to support any claimed prejudicial error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295—1296 ["Because they failed to furnish an adequate record . . . defendants' claim must be resolved against them."].)[3]

Summary judgment addresses issues framed by the pleadings. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250; *Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.)

On appeal, Clapham designated only her complaint, her first amended complaint, the August 12, 2019 minute order granting Barker's summary judgment, Clapham's September 4, 2019 notice of appeal, the September 9, 2019 judgment, and the notice designating the record on appeal. Clapham failed to

---

[3] The burden applies equally to parties who, like Clapham, elect to represent themselves on appeal. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

designate the remaining summary judgment documents, including, most critically, the separate statements of undisputed material facts.  (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 112 ["Facts not contained in the separate statements do not exist"].)  While she did attempt to cure the insufficiencies in the record, her motions to augment were inadequate as they sought to add only her opposition to Barker's motion and the reporter's transcript of the summary judgment hearing.  The motions were also untimely, with no explanation or justifications for the delay.  (Ct. App., Second Dist., Local Rules, rule 2(b), Augmentation of record ["Appellant should file requests for augmentation in one motion within 40 days of the filing of the record or the appointment of counsel. . . . Thereafter, motions to augment will not be granted except upon a showing of good cause for the delay."].)  In short, even if timely made and granted, the augmentation would still have left us with an incomplete record on which to review the summary judgment.

Because Clapham failed to present an adequate record, we must conclusively presume the judgment was correct.  (*In re Marriage of Arceneaux, supra*, 51 Cal.3d at p. 1133; *Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)

**DISPOSITION**

The judgment is affirmed.  Barker shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P.J.

We concur:


CHANEY, J.


SINANIAN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.