Filed 5/12/23  Young v. Longstaff CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TIM YOUNG,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEREK RAYMOND LONGSTAFF,<br><br>    Defendant and Appellant. | H050172<br>(Santa Cruz County<br>Super. Ct. No. 19-CV-03144) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Following a bench trial, the trial court found that appellant Derek Longstaff was in breach of contract and entered a judgment against him.  Longstaff, representing himself here as he did in the trial court, appeals from that judgment.  He contends the trial court erred in finding that respondent Tim Young's contract claim was not barred by the applicable statute of limitations, and in finding that Young had standing to bring the claim.

We must affirm the judgment because Longstaff has not provided us with an adequate appellate record.  Trial court decisions are presumed correct, and the appealing party has the burden to affirmatively show error.  (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1189; *Santa Clara County Environmental Health Assn. v. County*

*of Santa Clara* (1985) 173 Cal.App.3d 74, 83–84.) "It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to the appellant's issues on appeal." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002.) If the appellant fails to do so, we will affirm the judgment based on the presumption of correctness. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) This principle extends to an appellate record containing only the portions of the trial record on which an appellant's arguments are based, while ignoring or omitting other portions of the trial record that may provide grounds for affirmance. (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435, citing *Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)

Here, Longstaff has included a clerk's transcript in the appellate record but has not included a reporter's transcript or settled statement. The clerk's transcript includes Longstaff's trial brief, in which he raised the issues he now attempts to present on appeal. It also includes the statement of decision issued following the bench trial. But Longstaff has not included the record of the trial itself, nor any other proceeding at which the trial court may have addressed his arguments regarding standing and the statute of limitations. The statement of decision suggests that the trial court considered and rejected those arguments. It describes respondent Young as a co-trustee and remainderman of the trust from which Longstaff received a loan, which is relevant to the question of whether Young had standing. And it states that between 2011 and 2016, Longstaff "repeatedly recognized that he owed the debt, both orally and in writing, and specifically promised to pay it back." That finding is relevant to the question of when the limitations period began to run and was based on Young's trial evidence, including the testimony of four witnesses. The content of that testimony is absent from the record on appeal.

Young has pointed out the record insufficiency in his respondent's brief. Longstaff has not filed a reply brief nor made any attempt to augment the record.

2

Because we cannot determine any error based on the record provided to us, we must presume that the trial court's decisions were correct and affirm the judgment.

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondent by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


**H050172**
*Young v. Longstaff*