Filed 8/24/23  Marriage of Mohamed and Ezzat CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of MAHA MOHAMED and TAREK E. EZZAT. | B321700 |
| | (Los Angeles County Super. Ct. No. KD088302) |
| MAHA MOHAMED, | |
| Appellant, | |
| v. | |
| TAREK E. EZZAT, | |
| Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Joshua D. Wayser, Judge.  Dismissed.

Maha Mohamed, in pro. per., for Appellant.

Law Office of Brian C. Unitt and Brian C. Unitt for Respondent.

Appellant Maha Mohamed appeals from a judgment on reserved issues following the dissolution of her marriage to respondent Tarek E. Ezzat.[1]  Specifically, she challenges the portions of the judgment denying her spousal support and concluding she had no community property interest in a business and certain real property.  Although it is not entirely clear from her briefing, Mohamed appears to argue that the trial court should not have considered her ability to work in assessing her entitlement to spousal support, that certain evidence considered by the court was forged, that certain testimony presented to the court was false, and that the court did not permit her to offer other evidence and testimony that would have proven these deficiencies.

Mohamed's opening brief does not cite any legal authority or make any citations to specific pages of the factual record. Because "the trial court's judgment is presumed to be correct," "the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)  A reviewing court " ' "is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." ' " (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.)

But Mohamed has not provided a record sufficient for us to undergo such an unassisted search, even assuming we were

---

[1] We conclude this appeal is suitable for resolution by memorandum opinion pursuant to standard 8.1 of the California Standards of Judicial Administration.

willing to do so.  An appellant's " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Mohamed has not provided a reporter's transcript or other record of the proceedings below, such as a settled statement.  The record she has provided is comprised entirely of:  (1) a clerk's transcript containing a register of actions, the challenged judgment and notice of entry thereof, a notice of appeal and designation of record on appeal; and (2) several collections of documents Mohamed identifies as "notice[s] of lodging [of] trial exhibits" that contain what appear to be deposition transcripts, various other documents, and written commentary on these documents. (Capitalization omitted.)  None of these documents bear exhibit tags.  We cannot evaluate Mohamed's contentions regarding evidentiary errors during trial, as we have no record of the evidentiary rulings she contends were erroneous.  Nor can we assess the court's spousal support analysis under Family Code section 4320, as we do not have a complete record indicating what evidence the court had before it in conducting this analysis. Where, as here, "the appellant fails to provide the reviewing court with a record enabling it to review and correct alleged errors, the appeal will be dismissed."  (See, e.g., *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463.)  Indeed, even if the portions of the record Mohamed has provided supported her arguments— and we do not determine whether this is the case—her failure to provide a *complete* record of the proceedings in some form, as well as a complete record of the evidence presented during trial, would still warrant dismissal, because both of these missing portions of the record "may provide grounds upon which the decision of the trial court could be affirmed."  (See *Uniroyal Chemical Co. v.*

*American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302; see *ibid.* ["a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed"].)

In sum, even if we were willing to overlook the deficiencies in Mohamed's briefing and undertake an unassisted assessment of the record to analyze Mohamed's arguments, we could not do so because she has failed to provide an adequate record. Mohamed's arguments as to why she did not provide an adequate record do not change this inability, and thus cannot provide a basis on which we hear her appeal. (See *In re Steven B.* (1979) 25 Cal.3d 1, 7 ["[i]t is clear that '[o]n appeal there must be an adequate record to enable the court to pass upon the questions sought to be raised' "].) We recognize that Mohamed is not an attorney, and do not question whether she has made a good faith effort to present a grievance to this court. Nevertheless, absent a sufficient record, we have no way of meaningfully and fairly assessing her arguments.

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


                                    ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.