Filed 12/24/13  Braun v. Faciane CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CORINNE NICOLE BRAUN,<br><br>　　　　Respondent,<br><br>　　v.<br><br>KIRBY FACIANE,<br><br>　　　　Appellant. | D063505<br><br><br><br>(Super. Ct. No. DN171322) |

APPEAL from an order of the Superior Court of San Diego County, Jeanne Lowe, Commissioner.  Affirmed.

Kirby Faciane, in pro. per., for Appellant.

Gower & Bluck and Samuel Bluck for Respondent.

The trial court granted Corinne Nicole Braun's application for, and issued, a permanent restraining order against Kirby Faciane pursuant to the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.).[1]  Faciane appeals that order, contending: (1) the trial court erred by not issuing a statement of decision; (2) the

---

[1]     All statutory references are to the Family Code unless otherwise specified.

evidence is insufficient to support the order; and (3) certain provisions of the DVPA are unconstitutional. As we explain below, because Faciane has not provided an adequate record on appeal for us to evaluate his contentions, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, Faciane and Braun had been married for four years. They had a 20-month old daughter. On August 8, they apparently had a heated argument inside their Solana Beach home. Faciane was intoxicated and verbally abusive toward Braun. Braun left the home with their daughter.

Braun apparently filed a request for a domestic violence restraining (or protective) order.[2] On August 15, 2012, the trial court issued a temporary restraining order (TRO) against Faciane, ordering him not to do the following things to Braun or their daughter: "[h]arass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements[; or] [¶] [c]ontact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means[.]" The TRO also ordered Faciane to stay at least 100 yards away from Braun, their daughter and their home, and to immediately move out of the Solana Beach home. The TRO gave Braun sole legal and physical custody of their daughter. The TRO provided it would expire at the time of the hearing on Braun's request for a permanent domestic violence restraining

---

[2]     The record on appeal does not contain a copy of Braun's request for a domestic violence restraining order.

2

order, scheduled for September 5, 2012. The hearing apparently was repeatedly continued and the TRO reissued.

On December 7, 13, and 21, 2012, an evidentiary hearing was conducted on Braun's request for a permanent domestic violence restraining order. At the end of the hearing, the trial court granted the request on the same terms and conditions as the TRO for a period of one year. The court also ordered that Faciane have daily contact of up to 15 minutes with their daughter by telephone or virtual visitation on days he does not have supervised visitation. It reissued the TRO for one week to allow preparation of the written permanent restraining order. On December 27, 2012, the trial court issued a domestic violence restraining order (DVRO) against Faciane on the same terms and conditions as the TRO, except for allowing him to have brief and peaceful contact with Braun and peaceful contact with their daughter as required for court-ordered visitation. The DVRO provides that it will expire on December 21, 2013. In conjunction with the DVRO, the court also issued a child custody and visitation order giving Faciane certain supervised visitation rights. Faciane timely filed a notice of appeal challenging the DVRO.

## DISCUSSION

### I

### *Braun's Motions*

Braun filed a motion to dismiss the appeal, arguing Faciane forfeited all of his appellate contentions and did not have standing to appeal because he provided an

3

inadequate record on appeal.[3] She also argued the appeal should be dismissed because it is frivolous and taken solely for the purpose of delay. Faciane opposed the motion. We have considered Braun's arguments and deny her motion to dismiss the appeal.

Braun also filed a motion to strike certain documents contained in the appellant's appendix (AA) and a motion to strike those portions of the appellant's opening brief that refer to those documents. She asserts the following documents should be stricken: (1) notice of motion and motion to dismiss the court order and petitioner's request for DVTRO and memorandum of points and authorities in support (AA pp. 14-26); (2) respondent's request for statement of decision (AA pp. 34-38); (3) respondent's request for statement of decision (AA pp. 43-47); and (4) respondent's objection to the failure of the court to issue a statement of decision (AA pp. 69-70). Braun argues those documents should be stricken from the record on appeal because they are not part of the trial court's file, were never served on her or her counsel, and/or may contain an altered or forged time stamp. Faciane opposed the motions. Based on her motions and supporting declaration, we are unable to determine whether the challenged documents should be stricken from the record on the above grounds. In any event, because we dispose of the appeal on the grounds discussed below, the challenged documents are irrelevant to our disposition of this appeal. Accordingly, we deny Braun's motion to strike the documents and motion to strike those portions of the appellant's opening brief that refer to those documents.

---

3    We address separately below Braun's motion for sanctions.

Braun also filed a motion to augment the record on appeal with copies of the trial court's minutes dated December 7, 2012, December 13, 2012, and December 21, 2012. Faciane opposed the motion, arguing the request was not compliant with applicable court rules and the December 21, 2012, minutes are already contained in the record on appeal. After considering the parties' arguments, we grant the motion to augment the record with copies of the trial court's minutes dated December 7, 2012, and December 13, 2012, and deny the motion to augment the record with a copy of the trial court's minutes dated December 21, 2012 (already contained in the record on appeal).

## II

### *Statement of Decision*

Faciane contends the trial court erred by not issuing a statement of decision.

### A

Code of Civil Procedure section 632 provides:

> "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested the statement, any party may make proposals as to the content of the statement of decision.

5

> "*The statement of decision shall be in writing*, unless the parties appearing at trial agree otherwise; *however, when the trial is concluded* within one calendar day or *in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties*."  (Italics added.)

No written statement of decision is required when a trial lasts less than eight hours over a period of one or more days.  (Code Civ. Proc., § 632; *Olen Commercial Realty Corp. v. County of Orange* (2005) 126 Cal.App.4th 1441, 1452.)  In that event, a court may issue its statement of decision orally on the record.  (Code Civ. Proc., § 632; *Olen Commercial Realty Corp.*, at p. 1452.)

A trial court's judgment or order is presumed to be correct.  In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown [by the appellant].  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Id*. at p. 564.)

"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)  Alternatively stated, "a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides . . . , but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed."  (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)  "The

6

burden of affirmatively demonstrating error is on the appellant." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) The appellant has the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

If the record on appeal does not contain all of the documents or other evidence submitted to the trial court, a reviewing court will "decline to find error on a silent record, and thus infer substantial evidence" supports the trial court's findings. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.) California Rules of Court, rule 8.163[4] provides: "The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record." In other words, "in the absence of a required reporter's transcript and other [necessary] documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

B

Braun asserts Faciane waived or forfeited his contention by not providing an adequate record on appeal.[5] She asserts that because the trial in this matter lasted less

---

[4] All references to rules are to the California Rules of Court.

[5] Braun alternatively asserts Faciane's request for a statement of decision was deficient because it requested statements regarding the court's methodologies. Also, in her separate motion to strike exhibits, as discussed above, Braun asserted the trial court's

than eight hours, the trial court could issue its statement of decision orally on the record. Furthermore, she asserts that because Faciane did not make the reporter's transcript for the trial a part of the record on appeal, the presumption of correctness applies and requires a presumption that the court properly issued its statement of decision orally on the record.

We agree with Braun's position. Based on the augmented record on appeal, the trial in this matter occurred over a period of three days (i.e., December 7, 13, and 21, 2012). The trial court's minutes for those dates show the entire trial lasted less than eight hours. The minutes show the trial began at 1:44 p.m. on December 7, 2012, and was adjourned at 4:30 p.m. that day, for a total of two hours 46 minutes. The trial resumed at 8:55 a.m. on December 13, 2012, and was continued at 10:36 a.m. that day, for a total of one hour 41 minutes. The trial resumed at 1:45 p.m. on December 21, 2012, and was concluded at 3:26 p.m. that day, for a total of one hour 41 minutes. The sum of the lengths of the trial on each of those dates is six hours eight minutes. Because the total length of the trial over those three days was less than eight hours, Code of Civil Procedure section 632 allowed the trial court to issue its statement of decision orally on

---

files do not contain a copy of any request(s) for a statement of decision and argued the request(s) for a statement of decision included in Faciane's appellant's appendix may contain an altered or forged time stamp. Because we decide this issue on other grounds, we do not address the merits of her alternative contentions. For purposes of this appeal, we assume arguendo the documents, and any time stamps appearing thereon, in the appellant's appendix are not altered or forged.

the record.  (*Olen Commercial Realty Corp. v. County of Orange*, *supra*, 126 Cal.App.4th at p. 1452.)

In appellant's notice designating record on appeal in this case, Faciane elected to proceed with an appendix under rule 8.124, which includes only selected documents in this matter.  He expressly elected to proceed without a transcript or record of the oral proceedings in the trial court.  By so electing, Faciane cannot show the trial court did not orally issue its statement of decision on the record at the December 21, 2012, hearing. Because the presumption of correctness requires us to presume the trial court acted properly when the appellant does not provide part of the record that could show the court so acted, and provides only part of the record that does not show the purported error, we presume the trial court in this case properly issued a statement of decision orally on the record.  (*Mountain Lion Coalition v. Fish & Game Com.*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9; *Uniroyal Chemical Co. v. American Vanguard Corp.*, *supra*, 203 Cal.App.3d at p. 302.)  By providing an inadequate record on appeal, Faciane has not rebutted the presumption that the trial court acted correctly and issued a statement of decision orally on the record.

III

*Substantial Evidence to Support the Order*

Faciane contends the evidence is insufficient to support the DVRO.  He argues that because the trial court did not issue a statement of decision, we cannot infer the court decided factual issues in Braun's favor.  He argues the evidence is uncontroverted that

9

there was no domestic violence committed on August 8, 2012, and there was no history of domestic violence. He concludes the evidence is insufficient to support the issuance of the DVRO.

However, as Braun asserts, Faciane's claim of insufficiency of the evidence is, in effect, waived or forfeited by his failure to provide an adequate record on appeal to make a determination regarding the sufficiency of the evidence. The presumption of correctness, as discussed above, applies here to preclude Faciane's contention the evidence is insufficient to support the DVRO. If the record on appeal does not contain all of the testimony and other evidence presented during trial, a reviewing court will "decline to find error on a silent record, and thus infer substantial evidence" supports the trial court's findings. (*Haywood v. Superior Court*, *supra*, 77 Cal.App.4th at p. 955.) In this case, Faciane expressly excluded the reporter's transcript of the trial proceedings from the record on appeal. Absent that transcript, we are unable to determine whether there is insufficient evidence to support the DVRO, and instead presume substantial evidence exists. (*Ibid*.) By providing an inadequate record on appeal, Faciane has not rebutted that presumption.

IV

*Constitutional Issues*

Faciane contends the DVRO must be reversed because certain portions of the DVPA are unconstitutional. He asserts portions of the DVPA are unconstitutional: (1) under the overbreadth doctrine; (2) under the void-for-vagueness doctrine; (3) as prior

10

restraint of speech; (4) as content-based restriction of speech; (5) as viewpoint-based restriction of speech; (6) as ex parte enjoined speech; (7) as a violation of equal protection; (8) as regulated speech without state action; (9) as impinging on the right to privacy and freedom of choice in marital matters; (10) as impinging on the right to family living arrangements; (11) as ex parte impingement on the parent-child relationship; and (12) as ex parte impingement on the liberty of intimate association.

A

The purposes of the DVPA are "to prevent the recurrence of acts of violence and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) Section 6300 of the DVPA provides:

> "An order may be issued under this part, with or without notice, to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved, if an affidavit or, if necessary, an affidavit and any additional information provided to the court pursuant to Section 6306, shows, to the satisfaction of the court, reasonable proof of a *past act or acts of abuse*." (Italics added.)

Section 6203 defines "abuse" for purposes of the DVPA as conduct described in any of the following four categories: "(a) Intentionally or recklessly to cause or attempt to cause bodily injury[;] [¶] (b) Sexual assault[;] [¶] (c) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another[; or] [¶] (d) *To engage in any behavior that* has been or *could be enjoined pursuant to Section 6320*." (Italics added.)

11

Section 6320, subdivision (a), authorizes a court to issue ex parte restraining orders (i.e., temporary orders issued without notice and a hearing) as follows:

> "The court may issue an ex parte order enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing, telephoning, including, but not limited to, making annoying telephone calls as described in Section 653m of the Penal Code, destroying personal property, *contacting*, either directly or indirectly, by mail or otherwise, *coming within a specified distance of, or disturbing the peace of the other party*, and, in the discretion of the court, on a showing of good cause, of other named family or household members." (Italics added.)

Therefore, a DVPA order can be issued by a trial court if it finds reasonable proof of past behavior by the respondent as described in section 6320 (e.g., contacting, coming within a specified distance of, or disturbing the peace of the petitioner). (Cf. *S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1265-1266 [respondent's "badgering" of petitioner during an argument in their home did not constitute "abuse" under the DVPA].)

A court may subsequently issue a permanent DVPA restraining order after notice and a hearing. (§§ 6218, 6300, 6340.) In determining whether to issue a permanent DVPA order, "the court shall consider whether failure to make any of these orders may jeopardize the safety of the petitioner and the children for whom the custody or visitation orders are sought." (§ 6340, subd. (a).)

A trial court's grant or denial of a DVPA restraining order is, as with other injunctive relief, generally reviewed for abuse of discretion. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.) In determining whether a court has abused its discretion, we must first determine whether it "applied the correct legal standard to the issue in

12

exercising its discretion, which is a question of law for this court." (*Id*. at pp. 420-421.)

However, we review de novo, or independently, a facial challenge to the constitutional

validity of a statute. (*Baba v. Board of Supervisors* (2004) 124 Cal.App.4th 504, 512.)

"A facial challenge to the constitutional validity of a statute or ordinance considers only

the text of the measure itself, not its application to the particular circumstances of an

individual." (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084.) If a statute is

susceptible of two interpretations, one that will make it constitutional or one that may

make it unconstitutional in whole or in part or raise serious constitutional questions, we

will adopt the construction that will make it constitutional. (*People v. Superior Court*

(*Romero*) 13 Cal.4th 497, 509; *Miller v. Municipal Court* (1943) 22 Cal.2d 818, 828.) If

an issue involves a mixed question of fact and law, we apply the de novo standard of

review if the issue is predominantly legal and the substantial evidence standard of review

if the issue is predominantly factual. (*Crocker National Bank v. City and County of San*

*Francisco* (1989) 49 Cal.3d 881, 888.)

B

Faciane contends the DVRO must be reversed because the statute authorizing that

order (i.e., the DVPA) is facially unconstitutional on a number of grounds.[6] All of his

---

6    To the extent Faciane raises "as-applied" constitutional challenges, he has forfeited
or waived those challenges by not providing an adequate record on appeal (e.g., a
reporter's transcript of the trial). Likewise, to the extent he challenges the constitutional
basis for the TRO that was issued ex parte, that challenge is moot because the TRO
expired on December 27, 2012, when the DVRO, a permanent restraining order, was
issued. We therefore do not address the merits of any constitutional challenges to the
TRO.

specific constitutional arguments listed above appear to be based, at least in part, on the DVPA's "could be" provision set forth in section 6203. For example, he argues the conjunction of the "could be" provision with the contact, distance, and peace provisions of section 6203, subdivision (d), violates various constitutional principles (e.g., overbreadth doctrine, void-for-vagueness doctrine, etc.). As discussed above, section 6300 of the DVPA generally authorizes the issuance of a restraining order if a trial court finds there is reasonable proof of past act(s) of "abuse," defined in section 6203. One of the four categories of "abuse" is "behavior that has been or *could be* enjoined pursuant to Section 6320."[7] (§ 6203, subd. (d), italics added.) By challenging the DVPA's inclusion of the "could be" provision and apparently suggesting various constitutional principles require its deletion by judicial fiat, Faciane, in effect, argues the ground for the trial court's issuance of the DVRO against him is constitutionally infirm (e.g., the ground for the DVRO was protected speech between Faciane and Braun within their residence that qualifies as "abuse" under section 6203, subd. (d)). However, in so arguing, Faciane presumes the trial court's ground for issuing the DVRO was, or at least could have been, "abuse" within the meaning of section 6203, subdivision (d). Alternatively stated, he argues, in effect, that because section 6203, subdivision (d)'s "could be" provision is

_____

7    There are three other categories of "abuse," including intentionally or recklessly causing or attempting to cause bodily injury, sexual assault, and placing a person in reasonable apprehension of imminent serious bodily injury. (§ 6203, subds. (a)-(c).)

unconstitutional, the underlying "abuse" presumably found by the trial court as the basis for its issuance of the DVRO is invalid and therefore the DVRO must be reversed.[8]

However, as Braun asserts, we conclude Faciane's constitutional contentions are based on the faulty premise that the trial court did, in fact, find past "abuse" by him within the meaning of section 6203, subdivision (d), and issued the DVRO on that ground. Our review of the record on appeal does not support that premise. As discussed above, Faciane expressly elected to proceed without a reporter's transcript of the trial proceedings. As a result, the trial court's oral statement of decision on the record and/or related findings of fact and explanation of its reasoning for issuance of the DVRO are absent from the record on appeal. Furthermore, there is nothing in the DVRO itself or in the appellant's appendix that shows the particular category of section 6203 "abuse" on which the court based its issuance of the DVRO. Because the record on appeal is inadequate, the presumption of correctness of the DVRO applies and requires us to presume the trial court acted correctly and issued the DVRO based on grounds that are not unconstitutional or constitutionally questionable. Therefore, absent evidence in the record to the contrary, we presume the trial court found the requisite past "abuse" under one of the section 6203 categories other than section 6203, subdivision (d).

For example, we could presume the trial court found Faciane committed a past act of "abuse" by intentionally or recklessly causing or attempting to cause bodily injury on

---

8       To the extent we misconstrue Faciane's arguments on appeal, those arguments are incomprehensible and do not persuade us to conclude the DVRO must be reversed based on an unconstitutional provision of the DVPA.

Braun. (§ 6203, subd. (a).) Likewise, we could presume the trial court found Faciane committed a past act of "abuse" by placing Braun in reasonable apprehension of imminent serious bodily injury to her.[9] (§ 6203, subd. (c).) It is Faciane's burden on appeal to rebut that presumption of correctness. However, because he has not provided an adequate record on appeal to rebut that presumption, he has not carried his burden on appeal to show the trial court erred (i.e., that the DVRO was based on an unconstitutional provision of the DVPA). (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Mountain Lion Coalition v. Fish & Game Com.*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9; *Uniroyal Chemical Co. v. American Vanguard Corp.*, *supra*, 203 Cal.App.3d at p. 302; *Maria P. v. Riles*, *supra*, 43 Cal.3d at p. 1295; *Stasz v. Eisenberg*, *supra*, 190 Cal.App.4th at p. 1039.) Absent reliance by the trial court on an unconstitutional provision of the DVPA in issuing the DVRO, we need not address the facial challenges Faciane makes to that unconstitutional provision. It is not our function to issue advisory opinions, but rather to decide actual controversies.[10]

V

*Motion for Sanctions*

Braun filed a motion for sanctions against Faciane, asserting his appeal was frivolous because it raised several meritless constitutional arguments. She also asserts his

---

[9]     It is also possible the court could have found a past act of "abuse" within the meaning of section 6203, subdivision (b) (i.e., sexual assault).

[10]     Even were we to address the merits of Faciane's constitutional arguments, we believe it is highly unlikely we would be persuaded the DVPA is unconstitutional and the DVRO must therefore be reversed.

appeal raised moot issues and issues he lacked standing to raise.  Faciane opposed the motion.  Based on our review of the motion papers, we conclude Braun has not carried her burden to show Faciane's appeal is frivolous or that there are other grounds on which to impose sanctions on him.  Accordingly, we deny the motion for sanctions.

DISPOSITION

The order is affirmed.  Braun is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

17