Filed 11/4/14  Marriage of R. and T. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of ANDREW R. and LAUREN T. | D064438 |
| ANDREW R., | |
| Respondent, | (Super. Ct. No. D487750) |
| v. | |
| LAUREN T., | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Christine K. Goldsmith, Judge.  Affirmed.

Lauren T., in pro. per., for Appellant.

No appearance for Respondent.

Lauren T. (Mother) appeals an order that purportedly modified an existing child custody order by reducing her physical custody of her son, Dominic, from 50 percent to five percent and increasing Andrew R.'s (Father) physical custody from 50 percent to 95

percent. On appeal, Mother argues the trial court erred and violated her parental rights by reducing her physical custody based on Father's false claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father are the parents of Dominic, born in July 2003. Mother and Father apparently were married, but separated in 2005 or 2006 and presumably divorced thereafter.[1] In 2011, Father apparently filed a motion seeking modification of the trial court's existing child custody order and requesting sole legal and physical custody of Dominic. On August 15, 2011, Father filed a declaration in support of his motion, asserting that Child Protective Services removed Dominic's two younger half brothers from their home because Mother and her live-in boyfriend, Michael L., the father of the younger half brothers, were found to be growing marijuana in their home within reach of the children. Father also asserted Dominic was excessively absent and tardy from school while in Mother's custody. Dominic explained to Father that he missed school because he could not wake Mother up. Father asserted Michael L. had outstanding warrants for his arrest in two other states. Father also asserted that Mother's roommate, Nicholas S., was arrested in 2010 on drug and assault charges. Father stated that when he picked up Dominic at Mother's home, there were "usually several people lounging about the house."

On June 18, 2013, the trial court heard Father's motion for modification of child custody and visitation. The court adopted as its order the parties' stipulation agreeing,

---

[1] The record on appeal does not include a judgment of dissolution of marriage, or the trial court's original child custody order.

with certain modifications, to the Family Court Services (FCS) report's recommendations. The court's minutes reflect its order giving joint *legal* custody to Mother and Father, with Father to make a final decision if they do not agree. However, the court's minutes do not contain *any* indication, on their face, regarding *physical* custody of Dominic. The boxes on the minutes' form are "unchecked" regarding whether physical custody will be either joint or primary for Mother or Father.

Also on June 18, 2013, the parties entered into a stipulation (Stipulation) agreeing to adoption by the court, with modifications, of certain recommendations set forth in the FCS report dated May 21, 2013. The Stipulation provides:

> "Parties agree to adoption of the following sections of the May 21, 2013 FCS recommendations:
>
> "1) Item 3 is adopted in its entirety.
>
> "2) Item 4 is adopted in its entirety.
>
> "3) Item 5B will be added to read: Neither parent shall allow the child to ride in a motor vehicle driven by an unlicensed or uninsured motorist.
>
> 4) Item 6A will be modified as follows: Mother shall have telephone contact with the child daily between 7 pm and 7:30 pm. Mother is to initiate the phone call.
>
> "5) Item 7 is adopted in its entirety.
>
> "6) Item 8 is adopted in its entirety.
>
> "7) Item 9 is adopted subject to argument re: Father's request for Mother to attend co-parenting class and to split cost of individual therapy.
>
> "8) Item 10 is adopted subject to argument by Father.

"9)  Item 2A is adopted in its entirety."

The trial court signed the Stipulation, indicating its adoption of those provisions as its order.  Mother timely filed a notice of appeal challenging the June 18, 2013, order.

DISCUSSION

I

*Presumption of Correctness and Appellant's Burden on Appeal*

In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown [by the appellant].  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at p. 564.)

"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)  Alternatively stated, "a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)  "The burden of affirmatively demonstrating error is on the appellant." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)  The appellant has the burden to provide an adequate record on appeal to allow the reviewing court to

4

assess the purported error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) If the record on appeal does not contain all of the documents or other evidence submitted to the trial court, a reviewing court will "decline to find error on a silent record, and thus infer substantial evidence" supports the trial court's findings. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.)

"When the trial court has resolved a disputed factual issue, the appellate courts review the ruling according to the substantial evidence rule. If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) The substantial evidence standard of review involves two steps. "First, one must resolve all explicit conflicts in the evidence in favor of the respondent and presume in favor of the judgment all *reasonable* inferences. [Citation.] Second, one must determine whether the evidence thus marshaled is substantial. While it is commonly stated that our 'power' begins and ends with a determination that there is substantial evidence [citation], this does not mean we must blindly seize any evidence in support of the respondent in order to affirm the judgment. . . . [Citation.] '[I]f the word "substantial" [is to mean] anything at all, it clearly implies that such evidence must be of ponderable legal significance. Obviously the word cannot be deemed synonymous with "any" evidence. It must be reasonable . . . , credible, and of solid value . . . .' [Citation.] The ultimate determination is whether a *reasonable* trier of fact could have found for the respondent based on the *whole* record." (*Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1632-1633, fns.

5

omitted.)  "[T]he power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court.  *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.*"  (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874.)

## II

*Mother Waived or Forfeited Her Contentions on Appeal*

We conclude Mother has waived or forfeited her appellate contentions because the record on appeal she filed is inadequate for a determination whether the trial court erred as she contends.  Furthermore, her statement of facts is deficient in that it does not state all the material evidence relevant to the trial court's disputed findings and, instead, appears to cite only evidence and inferences in her favor.  Finally, Mother has not presented any substantive legal or factual analysis showing the trial court erred.

## A

The record on appeal consists of *only three* substantive documents: (1) the trial court's minutes for the June 18, 2013, hearing; (2) the Stipulation; and (3) Father's August 15, 2011, declaration filed in support of his motion for modification of child custody.  There are many important documents that appear to be omitted from the record on appeal, including: (1) Father's 2011 modification motion and any points and

6

authorities in support; (2) any opposition papers filed by Mother; (3) any subsequent papers and/or exhibits or other documents submitted or lodged by Father or Mother during the approximately 22-month period from the date Father filed his motion until the trial court heard and decided it; (4) the FCS report and recommendations dated May 21, 2013; and (5) the reporter's transcript of the June 18, 2013, hearing on the motion. Absent an adequate record, we are unable to assess the merits of Mother's assertion that the trial court erred by (apparently) modifying its existing child custody order for Dominic. There is nothing in the record on appeal (e.g., judgment of dissolution or other order) showing the trial court did, in fact, initially award Mother and Father joint child custody (i.e., 50/50 shared custody). Furthermore, there is nothing in the record showing the trial court's reasons for its (apparent) decision to modify its existing child custody order and reduce Mother's physical custody from 50 percent to five percent. Finally, the record on appeal does not even contain any order or other document showing the trial court did, in fact, reduce Mother's child custody from 50 percent to five percent. The June 18, 2013, minutes do not set forth any modification to the existing child custody order. Likewise, the Stipulation, which the court adopted as part of its order, does not set forth, on its face, any modification to the existing child custody order.

Although it is possible the FCS report referred to in the court's minutes and the Stipulation may set forth the child custody modification Mother challenges, the record on appeal does not contain a copy of that FCS report. We are unable to ascertain not only what the original child custody order was, but also what modification, if any, the trial court made to that original order and its reasons for modifications. Because Mother has

7

not provided us with an adequate record on appeal, we conclude she has waived or forfeited her contention(s) on appeal. (*Mountain Lion Coalition v. Fish & Game Com.*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9; *Uniroyal Chemical Co. v. American Vanguard Corp.*, *supra*, 203 Cal.App.3d at p. 302; *Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971; *Maria P. v. Riles*, *supra*, 43 Cal.3d at p. 1295; *Gee v. American Realty & Construction, Inc.*, *supra*, 99 Cal.App.4th at p. 1416; *Haywood v. Superior Court*, *supra*, 77 Cal.App.4th at p. 955.)

B

If an appellant challenges a finding for insufficiency of the evidence to support it, he or she is required to set forth in the appellant's opening brief all the material evidence on that issue or finding and not merely evidence favorable to his or her position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) "In furtherance of its burden, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citation.] Further, the burden to provide a fair summary of the evidence 'grows with the complexity of the record. [Citation.]' " (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) An appellant must state fully, with transcript citations, the evidence that is claimed to be insufficient to support the trial court's findings. (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Unless this is done, the asserted error is deemed to be waived. (*Foreman & Clark Corp.*, at p. 881.) "An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably

8

*supports* it." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410.) Furthermore, "[a] party who challenges the sufficiency of the evidence to support a finding *must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable.*" (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218, italics added.) If the appellant fails to do so, the reviewing court may deem the substantial evidence contention to have been waived. (*Ibid.*; *Foreman & Clark Corp.*, at p. 881.)

Based on our review of the record on appeal, it is clear Mother has not set forth a sufficient statement of facts stating *all* of the *material* evidence, both favorable and unfavorable, to her position on the disputed issues. Rather, she appears to have cited only evidence and inferences favorable to her position. Because Mother has not presented us with a sufficient statement of facts setting forth all the material evidence on the disputed issues, much less a record containing all of that material evidence, we deem she has waived or forfeited her contention that there is insufficient evidence to support the trial court's June 18, 2013, order (apparently) modifying the existing child custody order.[2]

---

[2] We further note Mother's statement of facts is not supported by *any* citations to the record on appeal. Statements of fact not part of, or supported by citations to, the record on appeal are improper and cannot be considered on appeal. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.) Accordingly, we disregard any statements of fact set forth in Mother's brief that are outside of the record on appeal. (*Pulver*, at p. 632; *Kendall*, at p. 625; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1.) Furthermore, to the extent her assertions of fact and procedure ostensibly refer to matters within the record on appeal, her brief does *not* contain adequate citations to the appellate record in violation of California Rules of Court, rule 8.204(a)(1)(C). Like in *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, at page 1246, Mother's brief is "devoid of

(*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881; *Huong Que, Inc. v. Luu*, *supra*, 150 Cal.App.4th at pp. 409-410; *Doe v. Roman Catholic Archbishop of Cashel & Emly*, *supra*, 177 Cal.App.4th at p. 218.)  Both Mother's briefing and record on appeal are "manifestly deficient."  (*In re Marriage of Fink*, *supra*, 25 Cal.3d at p. 887.)  Like the court in *Fink*, "we summarily reject [Mother's] arguments based upon a lack of substantial evidence.  It is neither practical nor appropriate for us to comb the record on [Mother's] behalf."  (*Id*. at p. 888.)

C

We further conclude Mother has waived or forfeited her appellate contention(s) by failing to present any substantive legal or factual analysis showing the trial court erred.  "Where a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion."  (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3.)  "Issues do not have a life of

citations to the [record on appeal] and [is] thus in dramatic noncompliance with appellate procedures."  "It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.)  "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see also *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)  Because Mother's brief does *not* contain *any* citations to the record on appeal to support her statement of facts, we consider her contentions on appeal to have been waived.  (*Nwosu*, at p. 1247; *City of Lincoln*, at p. 1239; *Duarte*, at p. 856; *Guthrey*, at p. 1115.)  Finally, we note the fact that Mother filed this appeal in propria persona does not exempt her from compliance with established appellate rules.  (*Nwosu*, at pp. 1246-1247 [pro. per. litigants must follow the same procedural rules as attorneys].)

their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; see *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary."]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [contention was deemed waived because "Appellant did not formulate a coherent legal argument nor did she cite any supporting authority."]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 ["The dearth of true legal analysis in her appellate briefs amounts to a waiver of the [contention] and we treat it as such."]; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation* (1993) 21 Cal.App.4th 561, 571.) Appellants acting in propria persona are held to the same standards as those represented by counsel. (See, e.g., *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.)

In Mother's opening appellant's brief, she does not discuss the appropriate legal standard a trial court applies when considering a motion to modify an existing child custody order, and she does not discuss the appropriate standard we apply in reviewing a trial court's order modifying child custody. Mother does not argue, much less persuade us, there is insufficient evidence to support the trial court's presumed finding that there was a significant change in circumstances since its original child custody order or that the court abused its discretion by presumably finding it was in Dominic's best interests for Father to have 95 percent physical custody and Mother five percent physical custody. (See generally *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255; *Burchard v. Garay*

11

(1986) 42 Cal.3d 531, 535; *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; *In re Marriage of Melville* (2004) 122 Cal.App.4th 601, 610.) Accordingly, Mother waived or forfeited her appellate contention(s) by failing to present any substantive legal or factual analysis showing the trial court erred.

D

Assuming arguendo Mother did not waive or forfeit her appellate contentions, we nevertheless would conclude she has not carried her burden on appeal to persuade us the evidence is insufficient to support the trial court's (apparent) modification order and findings or that the court otherwise abused its discretion or erred. By citing evidence and making inferences therefrom favorably only to her (rather than to Father), Mother misconstrues and/or misapplies the substantial evidence standard of review. Because we presume the trial court's findings are correct, it is Mother's burden on appeal to show those findings are incorrect (i.e., that there is insufficient evidence to support them). (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Kuhn v. Department of General Services*, *supra*, 22 Cal.App.4th at pp. 1632-1633; *Bowers v. Bernards*, *supra*, 150 Cal.App.3d at pp. 873-874.) Furthermore, Mother's arguments are generally incomprehensible and conclusory. (Cf. *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119-1120; *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 29 ["From the point of view of grammar and syntax as well as logic, [appellant's] briefs are almost impenetrable. Contrary to rules of appellate practice, [appellant] cites only evidence supporting his contentions on appeal, entirely ignoring facts which support the judgment."].) Mother cites evidence and argues inferences only favorable to her and does *not* cite or discuss

12

evidence, and reasonable inferences therefrom, favorable to the order. Accordingly, Mother has not persuaded us that the evidence, including all reasonable inferences therefrom, construed favorably to support the order, is insufficient to support the trial court's order granting Father's motion for modification of child custody.

## DISPOSITION

The order is affirmed.


McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


NARES, J.

13