Filed 2/2/21  Sui v. Price CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YAN SUI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>STEPHEN D. PRICE et al.,<br><br>    Defendants and Respondents. | G058608, G058663, G058683<br><br>(Super. Ct. Nos. 30-2012-00592626,<br> 30-2011-00528906,<br> 30-2012-00594115)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Yan Sui in pro. per., for Plaintiff and Appellant.

Clyde & Co US, Margaret M. Holm, Cameron J. Schlagel and Douglas J. Collodel for Defendants and Respondents.

\*        \*        \*

Plaintiff Yan Sui was declared a vexatious litigant, failed to post the required security, and his three pending actions were dismissed. He appeals from the judgments, contending the court erred in determining he was a vexatious litigant. That determination, however, is subject to a substantial evidence review, and Sui did not include in the record the evidence the court relied upon, much less discuss it in his appellate brief. Consequently, his claims on appeal are waived.

In any event, based on the record defendants provided us,[1] the court's order was plainly supported by substantial evidence. Code of Civil Procedure section 391 sets forth four grounds for deeming a party a vexatious litigant. One of those grounds is where the party has maintained five litigations in propria persona, in the previous seven years, which were determined adversely. (*Id*., subd. (b)(1).) There was evidence of that here. Another ground is where any other court has designated the party vexatious in a lawsuit based on similar facts. (*Id*., subd. (b)(4).) Here, three different federal courts have designated Sui vexatious, and in one of those cases, it was, in part, *because* of one of the lawsuits before us now. This history is substantial evidence to support the court's ruling. Moreover, the court acted within its discretion in finding that Sui had no reasonable probability of prevailing here and ordering him to furnish security. The judgment is affirmed.

FACTS

Sui is a member of defendant 2176 Pacific Homeowners Association (HOA), which consists of five detached homes. The two individual defendants are residents and members of the board of directors of the HOA.

---

[1] Defendants' motion for judicial notice, filed on July 14, 2020, is granted.

The long history of litigation between the parties began in 2006. Between then and now, Sui has initiated over 40 proceedings in various courts against defendants, including 12 separate lawsuits in the Orange County Superior Court. Three of those lawsuits have been consolidated for purposes of this appeal. In July 2011, which was prior to the filing of the three lawsuits before us, Sui filed a petition for bankruptcy relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 et seq.).

The first of the complaints before us (and the eighth overall in the Orange County Superior Court) is 30-2011-00528906 (the 906 action), which was filed on December 12, 2011. It concerned a special assessment by the HOA of $7,000 to pay for the legal costs associated with defending Sui's lawsuits. Sui refused to pay and the HOA instituted foreclosure proceedings.

On May 4, 2012, Sui's bankruptcy trustee entered into a settlement agreement with defendants resolving Sui's four then-pending lawsuits against defendants, which included the 906 action.

The second complaint, 30-2012-00592626 (the 626 action), was filed on August 21, 2012. It also concerns the foreclosure proceedings instituted after Sui refused to pay the special assessment to cover the HOA's costs to defend against Sui's lawsuits. He alleged he paid the amount under protest and had to take money out of his individual retirement account, incurring a tax penalty. It also concerns various damages plaintiff allegedly suffered by the litigation strategy of the attorney for the trustee in Sui's bankruptcy (with whom the individual defendants allegedly conspired) in settling and dismissing certain claims Sui had against defendants.

While the 626 action was pending, on September 21, 2012, the bankruptcy trustee intervened and removed the matter to federal court, where it was later dismissed.

The third complaint, 30-2012-00594115 (the 115 action) will sound familiar. It also concerns the special assessment that was levied in 2010 to cover the costs of hiring counsel to defend the HOA and its board members against Sui's many

3

lawsuits.  Sui refused to pay the assessment and the HOA recorded a lien against his house.  Several months later the HOA instituted foreclosure proceedings.  The complaint also contains an allegation that one of the individual defendants replaced her bathroom window with a smaller size that was not in conformity with the other houses.

To summarize, the 906 action was settled by the trustee in bankruptcy, the 626 action was removed to federal court and dismissed, and the 115 action is essentially redundant to the other two lawsuits.

Nevertheless, Sui kept on litigating these actions.

In September 2018 the court set an order to show cause regarding monetary/terminating sanctions in the 626 action.[2]  Sui opposed the sanctions and sought leave to amend the complaint.  Before either of those matters were resolved, on January 10, 2019, defendants moved to have Sui declared a vexatious litigant.

In March 2019, the court granted the vexatious litigant motion and declared Sui a vexatious litigant.  The court found Sui was a vexatious litigant under three of the four grounds listed in Code of Civil Procedure section 391; specifically, subdivisions (b)(1), (b)(2), and (b)(4).[3]

---

[2]     The exact sequence of events that led to this order to show cause is not clear in the record.

[3]     Those subdivisions define a vexatious litigant as a person who does any of the following: "(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

"(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

"(4) Has previously been declared to be a vexatious litigant by any state or

4

On April 16, 2019, the court granted defendants' motion to order Sui to furnish $50,000 in security to proceed in the 626 action. Sui was required to furnish the security by April 29, 2019.

Around the same time, on April 18, 2019, defendants filed similar motions to deem Sui a vexatious litigant in the 906 action and the 115 action. Those motions were granted as well and Sui was ordered to furnish $50,000 in security in each case by June 17, 2019.

Sui failed to furnish security. Defendants moved to dismiss all three actions, and the court granted the motions. Sui appealed from the ensuing judgments of dismissal.

DISCUSSION

Code of Civil Procedure section 391.1 permits a court to order a plaintiff to furnish security in order to proceed with a lawsuit upon a showing that (1) the plaintiff is a vexatious litigant, and (2) the plaintiff has no reasonable probability of prevailing on the claim. "The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence. Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.) "Likewise, a court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which

federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

5

the court weighs the evidence.  If there is any substantial evidence to support the court's determination, it will be upheld."  (*Ibid.*)

*Sui Waived His Substantial Evidence Arguments*

Sui waived his substantial evidence arguments on appeal in two ways:  by failing to provide an adequate record, and by failing to discuss the evidence supporting the ruling in his brief.

"'A judgment or order of the lower court is *presumed correct.*  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'"  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  "It is the appellant's affirmative duty to show error by an adequate record."  (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)  "A necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed."  (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)

A similar rule applies to briefs.  "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent."  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  "[I]f, as [plaintiff] here contend[s], 'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*.  Unless this is done the error is deemed to be waived.'"  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

Sui "is not exempt from the foregoing rules because he is representing himself on appeal in propria persona." (*Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1246.)

Here, in preparing the record, Sui simply cherry picked the documents he felt supports his position and completely omitted the evidence supporting the court's ruling. In fact, the record here is so noncompliant that it does not even include the court's ruling itself, much less defendants' motions and the voluminous evidence supporting the motions. Sui's opening brief, naturally, follows the same pattern (which makes it not only noncompliant, but also virtually incomprehensible to anyone not already familiar with the sprawling litigation between the parties). As a result, Sui has waived his arguments on appeal.

*Substantial Evidence Supports the Judgments*

Nonetheless, because defendants filled in the gap and provided us with an adequate record of the proceedings below, we will address the appeal on the merits. To be clear, this does not excuse Sui's waiver, but instead, for the reasons below, provides an independent basis for affirming the judgment.

Of the three grounds relied upon by the trial court, we will address two, starting with Code of Civil Procedure section 391, which defines a vexatious litigant as one who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person . . . ." (*Id.*, subd. (b)(1).) The term "'[l]itigation'" is defined as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (*Id.*, subd. (a).) "A litigation includes an appeal or civil writ proceeding filed in an appellate court. [Citations.] A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a

7

plaintiff." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406.) This includes dismissals without prejudice. (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 777.)

The record here contains evidence of at least five such pieces of litigation:

*Yan Sui v. Price et al.*, Orange County Superior Court Case No. 30-2010-00342510, filed on February 5, 2010. A judgment of dismissal was entered by the Superior Court of Orange County in July 2015.

*Yan Sui et al. v. Price et al.*, Orange County Superior Court Case No. 30-2010-00395852, filed on August 3, 2010. The court sustained a demurrer to Sui's complaint without leave to amend. We affirmed that judgment in case No. G051520, filed November 9, 2016.

*Yan Sui et al. v. 2176 Pacific Homeowners Association, et al.*, United States District Court-Central District of California Case No. 8:11-cv-01340-JAK-FFM, filed on September 6, 2011. In October 2012, Sui's state law claims were dismissed without prejudice, and Sui's federal claims were dismissed with prejudice. That judgment was affirmed by the Ninth Circuit Court of Appeals in July 2014.

*Yan Sui et al. v. Richard A. Marshack et al.*, United States District Court-Central District of California case No. 8:13-cv-01607-JAK-AJW, filed on October 15, 2013. A judgment of dismissal was entered in April 2015, and subsequently affirmed by the Ninth Circuit Court of Appeals in June 2017.

*Yan Sui et al. v. 2176 Pacific Homeowners Association et al.*, United States District Court-Central District of California case No. 8:13-cv- 01776-JAK-AJW, filed on November 8, 2013. Sui's claims one and three were dismissed without prejudice for lack of subject matter jurisdiction, and claim two was dismissed with prejudice in October 2014.

These five cases, plus their attendant appeals, are substantial evidence to satisfy Code of Civil Procedure section 391, subdivision (b)(1).

8

Another of the three grounds the court relied on to determine Sui is a vexatious litigant—that he was previously declared a vexatious litigant in a similar suit—is also supported by substantial evidence. Code of Civil Procedure section 391, subdivision (b)(4), describes a vexatious litigant as someone who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." Here, in litigation between Sui and the same defendants, Sui has been declared a vexatious litigant in no fewer than three different federal courts.

First, in June 2016, the bankruptcy court entered an order prohibiting Sui "from filing any pleading in this bankruptcy case . . . which repeats or attempts to re-litigate an issue of fact or law previously raised by Mr. Sui and which was actually and necessarily decided against him in a previous order or judgment of this bankruptcy court . . . ." The order included a non-exhaustive list of five issues that had been repeatedly resolved against Sui. The first was "that Mr. Sui's bankruptcy case will result in a 'surplus' to Mr. Sui and that the Trustee's administration of the bankruptcy estate is an unlawful attack on Mr. Sui's alleged surplus." In this appeal, Sui's opening brief is rife with references to this surplus, so it would appear that the present matters are based on a similar set of facts, though Sui's brief sheds little light on what relevance the surplus has to anything. The bankruptcy court's order also identified this issue: "that the Trustee's administration of the bankruptcy estate violates the discharge injunction preventing pre-petition creditors from seeking to collect on their pre-petition debts." Once again, Sui's brief on appeal repeatedly discusses the discharge injunction, but sheds similarly little light. The fact that two of the three actions before us were explicitly made a part of the bankruptcy action, and the fact that the issues in the bankruptcy action are cropping up here again, is substantial evidence that the bankruptcy action was "based on . . . substantially similar facts," and thus the bankruptcy court's order satisfies Code of Civil Procedure section 391, subdivision (b)(4).

Second, the United States District Court entered an order declaring Sui a vexatious litigant and entered a prefiling order against Sui. That order was based, in part, *explicitly* on the filing of the 626 action. More generally, it was based on the repeated appeals of the orders of the bankruptcy court. It was thus based on a substantially similar set of facts as the cases before us.

Finally, the Ninth Circuit Court of Appeals entered a prefiling order against Sui. Although the Ninth Circuit's order did not specify any particular issues, at least one of the appeals appears to be from the 626 action after it was removed to bankruptcy court and then dismissed. Thus the Ninth Circuit's order is likewise based on substantially similar facts as the cases before us.

Accordingly, there was no error in deeming Sui a vexatious litigant.

Next, the court's order that Sui furnish security in order to proceed was based on substantial evidence. Code of Civil Procedure section 391.1 permits a defendant to move for an order requiring the plaintiff to provide security. "The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." (*Ibid.*) We have already determined that the court's finding that Sui is a vexatious litigant is supported by substantial evidence. We likewise conclude that the court's finding that Sui did not have a reasonable probability of prevailing is supported by substantial evidence.

The 906 action was settled by the trustee in the bankruptcy proceeding. The fact of the settlement is substantial evidence to support a conclusion that Sui would not prevail in the 906 action.

The 626 action was removed to federal court where it was dismissed. That dismissal was subsequently affirmed by the Ninth Circuit Court of Appeals. The resulting judgment is res judicata. (*Merry v. Coast Community College District* (1979)

10

97 Cal.App.3d 214, 222 ["Because the prior judgment in the instant case was rendered by a federal court, it must be given the same effect by state courts that it would have in a federal court"].)  Sui could not prevail in the 626 action.

And the 115 action is based on essentially the same facts as the other two actions.  Accordingly, the claims in the 115 action are merged into the other two cases and barred under principles of res judicata.  "Under the merger-and-bar aspect of res judicata, a matter is deemed to be conclusively decided by a prior judgment "'if it is actually raised by proper pleadings and treated as an issue in the cause . . . .  But the rule goes further.  If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.  The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable."'" (*Aerojet-General Corp. v. American Excess Ins. Co.* (2002) 97 Cal.App.4th 387, 402.)  Moreover, nearly all of the allegations in the 115 action concern events that occurred prior to Sui filing bankruptcy.  As we determined in a prior appeal, any claims arising from those events are the property of the bankruptcy trustee.  (*Sui v. Price* (Sept. 6, 2013, G047311) [nonpub.opn].)  Thus, there was ample evidence to support the court's finding that Sui did not have a reasonable probability of prevailing on the 115 action.

Accordingly, the order requiring security was proper, and the subsequent dismissal upon Sui's failure to provide security was likewise proper.

DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs incurred on appeal.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

12